UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH HALE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>)<br>)<br>)<br>Defendant. | No. 1:14-cv-00036-TWP-MJD |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL**

This matter comes before the court on Defendant's Motion for Leave to File Exhibit Under Seal. [Dkt. 52.] For the reasons stated below, the Court **DENIES** Defendant's motion, without prejudice to Defendant's ability to refile such motion consistent with this order.

**I.   Background**

Debroah Hale ("Plaintiff") sued State Farm Mutual Automobile Insurance Company ("Defendant") for breach of contract and failure to deal in good faith. [Dkt. 1-1.] On November 14, 2014, Defendant filed a Motion for Partial Summary Judgment. [Dkt. 46.] With that motion, Defendant submitted an affidavit executed by Denise Chavis. [Dkt. 50.] Exhibit 1 to the Chavis affidavit is from Defendant's "Enterprise Claim System" and consists of consists of approximately 1,600 pages related to Plaintiff and this matter.

Defendant has moved to file Exhibit 1 under seal on the basis that it "includes personal identifiers and, in addition, numerous medical records of Plaintiff Deborah Hale, all of which should be excluded from public access pending further order from the Court." [Dkt. 52 at 3.]

1

## II. Discussion

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548.

Defendant's motion in this case does not comply with these requirements. Defendant's memorandum in support of its Motion for Partial Summary Judgment repeatedly cites the Chavis affidavit, [*see* Dkt. 47], which in turn repeatedly cites the exhibit Defendant seeks to file under seal. [*See* Dkt 50.] The information in the exhibit will thus "influence or underpin the judicial decision" on Defendant's motion, such that the exhibit is presumptively open to public inspection. *Baxter*, 297 F.3d at 545. Further, Defendant has not provided the sort of detailed analysis required to file information under seal. *See id.* at 548. Instead, Defendant has simply stated that the exhibit contains "personal identifies" and "medical records." [Dkt. 52 at 3.] Accordingly, Defendant's motion to seal is **DENIED**.

Pursuant to Fed. R. Civ. P. 5.2, Defendant was required to redact certain personal identifiers of the Plaintiff from Docket No. 50-1 prior to its filing. Fed. R. Civ. P. 5.2(a). Defendant failed to do so. As a consequence, the Court has no option but to order the Clerk to maintain Docket Nos. 50-1, 51 and 53 under seal. *See* Fed. R. Civ. P 5.2(d). Pursuant to Rule 5.2, however, the Court **ORDERS** Defendant to publicly file, within fourteen (14) days of the date of this order, a copy of Docket No. 50-1 from which the information specified in Fed. R. Civ. P. 5.2(a) has been redacted.

With regard to the remaining information in Docket No. 50-1 that Defendant believes should be maintained under seal, within fourteen (14) days of the date of this order, Defendant shall file a motion to maintain such information under seal, which motion complies with Rule 26 and Seventh Circuit authority as instructed herein. Defendant shall simultaneously file a public version of Docket No. 50-1 from which only the information sought to be maintained under seal (and the personal identifiers discussed above) have been redacted.

### III.     Conclusion

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Leave to File Exhibit Under Seal, [Dkt. 52], and **ORDERS** Defendant to file a redacted version of Docket No. 50-1 as set out above, along with a new motion to maintain portions of Docket No. 50-1 under seal in accordance with relevant authority.

Dated: 11/24/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Casey Ray Stafford
KIGHTLINGER & GRAY
cstafford@k-glaw.com

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com