UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00036-TWP-MJD |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON JOINT MOTION TO SEAL**

This matter comes before the Court on the parties' Joint Motion for Leave to File Portions of Exhibit 1 to Affidavit of Denise Chavis Under Seal. [Dkt. 59.] For the following reasons, the Court **DENIES** the motion.

## I. Background

Debroah Hale ("Plaintiff") sued State Farm Mutual Automobile Insurance Company ("Defendant") for breach of contract and failure to deal in good faith. [Dkt. 1-1.] On November 14, 2014, Defendant filed a Motion for Partial Summary Judgment. [Dkt. 46.] With that motion, Defendant submitted an affidavit executed by Denise Chavis. [Dkt. 50.] Exhibit 1 to the Chavis Affidavit is from Defendant's "Enterprise Claim System" and consists of approximately 1,600 pages related to Plaintiff's insurance claims. Defendant sought to file Exhibit 1 under seal in its entirety, but the Court by prior order instructed Defendant to 1) redact from Exhibit 1 the information specified in Fed. R. Civ. P. 5.2(a); and 2) file a motion demonstrating that good

cause exists to seal any information not encompassed by Fed R. Civ. P. 5.2(a) but otherwise contained within Exhibit 1. [Dkt. 54.] The present motion followed on December 19, 2014.

## II. Discussion

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.* Good cause, in turn, may exist when the information to be protected "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asserting that such good cause exists has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548.

The parties in this case state that Exhibit 1 contains numerous documents related to Plaintiff's "medical records and medical billing," [Dkt. 59 ¶ 4], and contend that Plaintiff's interest in the privacy of this information outweighs the probative value of the information for the Court's decision in this case. [*Id.* ¶ 7.] They specifically ask to seal documents Bates-stamped 00335-00723, 00981-01057, and 01079-01637 and assert that Plaintiff has a strong interest in avoiding "potential embarrassment" from disclosure of her medical history. [*Id.* ¶¶ 7-8.]

The Court cannot accept the parties' arguments. First, although the parties have jointly moved to seal the documents at issue, the Court itself must evaluate whether the record should be

sealed. *See Citizens First*, 178 F.3d at 945 (noting judge is "duty-bound" to "review any request to seal the record").

Second, the parties have not complied with the requirements the Seventh Circuit set out in *Baxter*. Rather than analyzing "in detail, document by document," *Baxter*, 297 F.3d at 548, the propriety of sealing the information at issue, the parties have broadly stated that several hundred pages of records should be sealed. [Dkt. 59 ¶ 8.] Their reason for sealing this information, moreover, is a broad generalization that the records at issue contain "confidential, private information regarding medical issues, concerns and conditions," the disclosure of which could cause "potential embarrassment." [*Id.* ¶ 7.] This is the sort of "generic" statement that the Seventh Circuit has said simply "won't do" to justify sealing a record. *See Baxter*, 297 F.3d at 546.

Third, the parties have failed to provide legitimate legal support for their contentions. As noted above, a motion asking to seal documents has "no prospect of success" unless it provides "reasons and *legal citations*." *Id.* at 548 (emphasis added). Here, the parties have cited *Citizens First* for the proposition that the public interest in litigation "can be overridden" if the litigants' privacy interests "predominate in the particular case." [Dkt. 59 ¶ 6 (citing *Citizens First*, 178 F.3d at 945).]

In arguing that this is such a case, however, the parties cite *Chapman v. Raemisch*, No. 05-C-1254, 2009 WL 425813 (E.D. Wis. Feb. 20, 2009). There, the court approved the sealing of certain medical records, but fashioned a "hybrid" remedy: some information was sealed, but the court ordered that to "the extent that information from the medical records is incorporated into other documents filed by the parties or orders issued by this court, *that information will remain visible to the public*." *Id.* at *7 (emphasis added). In this case, Defendant's brief in support of its

motion for summary judgment extensively cites the very documents the parties wish to seal. [*See, e.g.*, Dkt 47 at 3-4 (citing medical records Bates-stamped 344, 350-51, 362), 5-6 (citing medical records Bates-stamped 387-400, 457-58, 580-81, 1321, 1323, 1327), 7 (citing medical records Bates-stamped 472-73, 1255-57), 30 (citing medical records Bates-stamped 474-78, 1255-57).] Hence, the medical information at issue has been "incorporated into other documents filed by the parties," *Chapman*, 2009 WL 425813 at *7, such that the parties' own citations to legal authority indicate that the information they ask to seal should remain visible to the public.

Finally, the Court cannot accept that the information at issue is so lacking in "probative value," [Dkt. 59 ¶ 7], that it ought to be protected from public view. The very fact that Defendant first filed, and then heavily cited, the material demonstrates its relevance to the Court's disposition of Defendant's pending motion for summary judgment, such that the information will "influence or underpin the judicial decision" and is therefore presumptively open to public inspection. *Baxter*, 297 F.3d at 545. The Court acknowledges that some of the information in the record could cause "potential embarrassment" to the parties, [Dkt. 59 ¶ 7], but "[m]any a litigant would prefer that the subject of the case . . . be kept from the curious," and this fact, standing alone, is simply not sufficient to overturn the long-standing tradition "that litigation is open to the public." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). The Court accordingly **DENIES** the parties' motion to file information under seal.

## III. Conclusion

For the reasons set forth above, the Court **DENIES** the parties' Joint Motion for Leave to File Portions of Exhibit 1 to Affidavit of Denise Chavis Under Seal. [Dkt. 59.] Furthermore, the Court **ORDERS** Defendant to publicly file, within fourteen (14) days of the date of this order, a

copy of the CD containing Exhibit 1 to the Chavis Affidavit from which only the information specified in Fed. R. Civ. P. 5.2(a) has been redacted.

Date: 12/30/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Casey Ray Stafford
KIGHTLINGER & GRAY
cstafford@k-glaw.com

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com